BRIAN D. SUDANO, Esq. (State Bar No. 255427)
SUDANO LAW FIRM
540 Lennon Lane
Walnut Creek, CA 94598
Telephone:    (925) 849-4183
Facsimile:    (925) 849-4185

Attorney for Plaintiff

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN PRYOR,

Plaintiff,

vs.

CITY OF CLEARLAKE, a governmental
entity, CARL MILLER, individually, and in
his capacity as a police officer for the City of
Clearlake and acting sergeant, ALAN WADE
McCLAIN, individually, and in his capacity as
Chief of Police for City of Clearlake, CRAIG
CLAUSEN, individually and in his capacity as
Police Lieutenant for City of Clearlake,
MICHAEL RAY, individually, and in his
capacity as a police officer for the City of
Clearlake, and DOES 1 through 50,
individually, and in their capacity as police
officers for the city of Clearlake.

Defendants.

Case No. CV11 0954

COMPLAINT FOR VIOLATION OF
CIVIL RIGHTS AND DAMAGES

(Jury Trial Demanded)

**I.
JURISDICTION**

1.    This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is

conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The

unlawful acts and practices alleged herein occurred in the City of Clearlake, County of Lake,

- 1 -
Complaint for Damages
*Pryor v. City of Clearlake*

1  California, which is within this judicial district. Venue is conferred upon this Court by Title 28

2  United States Code Section 1391(b).

3

## II.
## PARTIES

5  2.    Plaintiff SEAN PRYOR is, and at all times mentioned was, an African-American male,

6  and a citizen of the United States, who at the time of the subject incident was residing in

7  Clearlake, California.

8  3.    Defendant CITY OF CLEARLAKE (hereinafter "CITY") is a governmental entity, duly

9  organized and existing under the laws of the State of California. At all times herein mentioned,

10  CITY OF CLEARLAKE (hereinafter "CITY") is a governmental entity, duly organized and

11  existing under the laws of the State of California.

12  4.    At all times herein mentioned, defendant CARL MILLER was employed by defendant

13  CITY as a police officer and acting sergeant on the day of the subject incident. He is being sued

14  individually, and in his capacity as a police officer for the City of Clearlake at all times herein

15  mentioned.

16  5.    At all times herein mentioned, defendant MICHAEL RAY was employed by defendant

17  CITY as a police officer. He is being sued individually, and in his capacities as a police officer for

18  the City of Clearlake.

19  6.    At all times herein mentioned, defendant ALAN WADE McCLAIN was employed by

20  defendant CITY as Chief of Police and is sued individually, and in his capacity as Chief of Police

21  for City of Clearlake.

22  7.    At all times herein mentioned, defendant CRAIG CLAUSEN was employed by defendant

23  CITY as Police Lieutenant and is sued sued individually and in his capacity as a police officer for

24  City of Clearlake.

25  8.    In engaging in the conduct described herein, defendant police officers acted under color of

26  state law and in the course and scope of their employment by defendant CITY. Upon information

27  and belief, Plaintiff alleges that DOES 1-50, inclusive, were Caucasian.

28

9.     DOES 1-25, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were directly involved in the wrongful and excessive use of force against plaintiff, and the racial misconduct towards plaintiff, as described hereinafter.

10.     DOES 26-50, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were employed in a supervisory capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training DOES 1-25, inclusive, defendant police officers employed by defendant CITY in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a manner that is not racially discriminatory.

11.     Plaintiff is ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend his Complaint to state the true names and capacities of defendants DOES 1-25, inclusive, when they have been ascertained.

12.     In engaging in the conduct described herein, defendant police officers acted under the color of state law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers and deputies exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

13.     For State causes of action related to Federal Claims, plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## III.
## STATEMENT OF FACTS

- 3 -
Complaint for Damages
*Pryor v. City of Clearlake, et al.*

1  14.  On September 30, 2009, Clearlake police officers received a call that plaintiff had

2  threatened to kill Darryl Ayatch, his step brother. Defendant officers were aware that SEAN

3  PRYOR was alone in his home, he was not a danger to himself, he had not physically touched Mr.

4  Ayatch as the call concerned only a verbal threat, he was suffering from mental illness, and that

5  plaintiff was possibly armed with a table leg.

6  15.  The responding officers and deputies, including all named and DOE defendants, were

7  aware that SEAN PRYOR had been in a previous altercation with Clearlake police officers

8  approximately six (6) months prior due to mental illness and, because of the previous altercation,

9  SEAN PRYOR was conserved as a patient at Napa State Mental hospital.

10  16.  The responding officers, Sergeant CARL MILLER of the Clearlake Police Department,

11  Chief of Police ALAN WADE McCLAIN of the Clearlake Police Department, Lieutenant CRAIG

12  CLAUSEN of the Clearlake Police Department, MICHAEL RAY of the Clearlake Police

13  Department, Ryan Peterson of the Clearlake Police Department, and Detective Martin Snyder of

14  the Clearlake Police Department, arrived at or near 16382 33rd Avenue and surrounded plaintiff's

15  residence.

16  17.  The officers spoke with SEAN PRYOR through the door for ten (10) to fifteen (15)

17  minutes before Lieutenant CRAIG CLAUSEN made the decision to enter plaintiff's residence.

18  18.  The officers did not have a warrant nor did exigent circumstances exist to enter the home.

19  The officers had received a key to the home from Darryl Ayatch who was not a resident of the

20  home, which police officers knew. The officers' entry into SEAN PRYOR's residence was

21  unlawful.

22  19.  Lieutenant CRAIG CLAUSEN knew SEAN PRYOR was suffering from mental illness,

23  knew that he was in the home alone and was not a threat to himself or others while inside the

24  home, and knew that the proper steps to take pursuant to his P.O.S.T. protocols was to contact

25  mental health or a negotiator to attempt to talk him out.

26

27

28

1  20.  Lieutenant CRAIG CLAUSEN intentionally and/or recklessly provoked a violent

2  confrontation by ordering that the officers enter through the front door instead of using non-

3  confrontational actions to get plaintiff to come out of the house.

4  21.  Lieutenant CRAIG CLAUSEN made the decision to have all officers go in lethal, except

5  Officer MICHAEL RAY who was to enter with a taser. This decision intentionally and/or

6  recklessly provoked a violent confrontation.

7  22.  When Sergeant CARL MILLER entered the residence, he was able to see a table leg in

8  plaintiff's hand, not a knife. Despite this knowledge, Sergeant CARL MILLER acted

9  unreasonably and with excessive force when he opened fire on plaintiff, striking plaintiff multiple

10  times. When Sergeant CARL MILLER opened fire, he was not at risk of serious bodily harm or

11  death, nor was it objectively reasonable for him to believe he was.

12  23.  The first shot Sergeant CARL MILLER discharged from his weapon went through

13  plaintiff's right wrist, causing the table leg in his hand to be dropped immediately.

14  24.  Despite now being unarmed, Sergeant CARL MILLER proceeded to shoot plaintiff

15  approximately three more times.

16  25.  At the same time Sergeant CARL MILLER began to fire on plaintiff, Officer MICHAEL

17  RAY struck Mr. Pryor with a taser, incapacitating him.

18  26.  After approximately four shots, Sergeant CARL MILLER paused. He then unreasonably

19  and excessively fired three additional rounds because Mr. Pryor was "still standing" despite

20  Officer CARL MILLER knowing that SEAN PRYOR was no longer a threat.

21  27.  After being shot approximately seven times, SEAN PRYOR was lying on his back on the

22  ground with multiple gunshot wounds and was no longer moving. Commands for him to roll over

23  after being shot numerous times were not followed. Officer MICHAEL RAY then unreasonably,

24  and with excessive force, tasered plaintiff again.

25  28.  Despite being aware that Plaintiff was holding a table leg, Sergeant CARL MILLER,

26  Police Chief ALAN WADE MCCLAIN, Lieutenant CRAIG CLAUSEN, Deputy Todd Dunia,

27  Deputy Dennis Keithly, Officer MIKE RAY, Officer Ryan Peterson, and Detective Martin

28

1 Snyder of the Clearlake Police Department acted in concert and conspired to plant evidence to

2 make it seem as though plaintiff had a knife at the time of the shooting. Plaintiff did not have a

3 knife.

4 29. Sergeant CARL MILLER was under the influence of chlordiazepoxide at the time of the

5 shooting, which affected his judgment and contributed to the unreasonableness of the shooting

6 of plaintiff.

7 30. Chief of Police ALAN WADE McCLAIN was present during the acts herein alleged

8 and failed to prevent the wrongful acts which violated plaintiffs' constitutional rights. Chief of

9 Police ALAN WADE McCLAIN could have prevented the violation.

10 31. After being shot, plaintiff was taken to the hospital. Four unknown police officers,

11 DOES 1-4, entered the hospital and surrounded plaintiffs' hospital bed. They then grabbed his

12 feet and bed and shook him violently to intimidate plaintiff.

13 32. SEAN PRYOR was severely injured and continues to suffer from the damages

14 proximately caused as a result of the wrongful acts described herein.

15 **FIRST CAUSE OF ACTION**
(42 U.S.C. Section 1983)
16 (Against defendants and DOES 1-50, inclusive)

17 33. Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of

18 this Complaint.

19 34. In doing the acts complained of herein, DOES 1-50, inclusive, acted under of color of law

20 to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

21    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

22    Amendment to the United States Constitution;

23    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by

24    the Fifth and Fourteenth amendments to the United States Constitution;

25    c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to

26    the United States Constitution; and

27    d. The right to be free from interferences with the zone of privacy, as protected by the Fourth

28

- 6 -
Complaint for Damages
*Pryor v. City of Clearlake, et al.*

1    and Ninth Amendments to the United States Constitution.

2    WHEREFORE, plaintiff prays for relief as hereinafter set forth.

3                              **SECOND CAUSE OF ACTION**
                                (42 U.S.C. Section 1983)
4           (Against defendants CITY; Chief of Police ALAN WADE McCLAIN,
                              and DOES 1-25, inclusive)
5

6    35.    Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of

7    this Complaint.

8    36.    Defendants CITY OF CLEARLAKE, Chief of Police, ALAN McCLAIN and DOES 26-

9    50, supervisory employees of the CITY have failed to adequately train defendant police officers

10   CARL MILLER, MICHAEL RAY Lieutenant CRAIG CLAUSEN, and DOES 1-25 in the proper

11   use of force; proper detentions and arrests; proper conduct towards persons; and treating persons

12   in a manner that is not racially discriminatory. The lack of adequate supervisorial response and

13   discipline by defendants CITY, Chief of Police, and DOES 26-50, supervisory employees of the

14   CITY Police Department, and lack of adequate supervisorial training, demonstrates the existence

15   of an informal custom or policy that tolerates and promotes the continuing use of excessive force

16   against; improper detention and arrests of; improper conduct toward; and violation of civil rights

17   of persons within the CITY by Clearlake officers.

18   37.    Based on information and belief, plaintiff alleges that prior to the date of the subject

19   incident involving plaintiff, defendant police officers DOES 1-25, inclusive, had a history of

20   engaging in acts of excessive force; improper detentions and arrests; and treating persons in a

21   manner that is racially discriminatory; of which history defendants CITY, Chief of Police, and

22   Does 26-50, inclusive, knew or should have known for quite some time prior to the subject

23   incident involving plaintiff. Based on information and belief, plaintiff further alleges that despite

24   their knowledge of defendant officers' repeated, egregious misconduct, defendants CITY, Chief of

25   police, ALAN WADE McCLAIN; and DOES 26-50, inclusive, failed to properly and adequately

26   train, supervise, and discipline defendant police officers and police officers DOES 1-25, for said

27   repeated and egregious misconduct.

28

1  38.     Plaintiff is further informed and believes and thereon alleges that as a result of the
2  deliberate indifference, reckless and/or conscious disregard of the prior misconduct of defendant
3  police DOES 1-25, defendants CITY OF CLEARLAKE, Chief of Police ALAN WADE
4  McCLAIN and DOES 26-50, inclusive, approved, ratified, condoned, encouraged, and/or tacitly
5  authorized said defendant police officers and police officers DOES 1-25, to continue their course
6  of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff
7  as alleged herein.

8  39.     Defendant CITY, by and through its supervisory employees and agents, Chief of Police
9  ALAN WADE McCLAIN for defendant CITY, and DOES 26-50, inclusive, has and had a
10 mandatory duty of care imposed on it by the Fourth and Fourteenth Amendments to the United
11 States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its
12 police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate
13 result of CITY police officers assaulting and battering, effecting false arrests, imprisonments, and
14 treating persons in a racially discriminatory manner.  With deliberate indifference, CITY, Chief of
15 Police ALAN WADE McCLAIN, and DOES 1-25, inclusive, breached their duty to of care to
16 plaintiff in that they: (1) failed to adequately hire, retain, supervise, discipline, and train police
17 officers, including defendant police officers and police officers DOES 26-50, inclusive, in proper
18 use of force, effecting proper reasonable arrests, and treating persons in a manner that is not
19 racially discriminatory; (2) failed to have adequate policies and procedures regarding proper use of
20 force; effecting proper arrests; and treating persons in a manner that is not racially discriminatory;
21 (3) acted with deliberate indifference, in reckless and/or conscious disregard of the prior
22 misconduct of defendant police officers and police officer DOES 26-50, inclusive, and (4)
23 approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers and
24 police officers DOES 26-50, inclusive, to continue their course of misconduct of use of excessive
25 force, effecting false arrests and imprisonments, and treating persons in a racially discriminatory
26 manner, resulting in a violation of plaintiff's rights, and injuries and damages to plaintiff as
27 alleged herein.

28

- 8 -
Complaint for Damages
*Pryor v. City of Clearlake, et al.*

1   40.   This lack of adequate hiring, retention, supervision, training, and discipline of defendant

2   police officers and police officers DOES 1-25, inclusive, demonstrates the existence of an

3   informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of

4   excessive unreasonable force; wrongful false arrest; and treating persons in a racially

5   discriminatory manner by police officers employed by defendant CITY.

6   41.   The above-described misconduct by defendants CITY, Chief of Police ALAN WADE

7   McCLAIN, and DOES 26-50, inclusive, resulted in the deprivation of plaintiff's constitutional

8   rights, including but not limited to the following:

9   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

10   Amendment to the United States Constitution;

11   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by

12   the Fifth and Fourteenth Amendments to the United States Constitution;

13   c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to

14   the United States Constitution; and

15   d. The right to be free from interferences with the zone of privacy, as protected by the Fourth

16   and Ninth Amendments to the United States Constitution.

17   42.   Further, the acts of defendant police officers and police officers DOES 1-25, inclusive,

18   alleged herein are a direct and proximate result of the above-mentioned wrongful conduct of

19   defendants CITY, Chief of Police ALAN WADE McCLAIN and DOES 26-50, inclusive.

20   Plaintiff's injuries and damages were a foreseeable and proximate result of the above-mentioned

21   wrongful conduct of defendant police officers and police officers DOES 1-25, inclusive, and the

22   above-mentioned wrongful conduct of CITY, Chief of Police ALAN WADE McCLAIN, and

23   DOES 26-50, inclusive.

24   WHEREFORE, plaintiff prays for relief as hereinafter set forth.

25   THIRD CAUSE OF ACTION
(Assault and Battery)
26   (Against defendant police officers DOES 1-25, inclusive)

27

28

1   43.   Plaintiff realleges and incorporates by reference herein all previous paragraphs of this

2   complaint.

3   44.   Defendant police officers and police officers DOES 1-25, inclusive placed plaintiff in

4   immediate fear of death and severe bodily harm by assaulting and battering him without any just

5   provocation or cause. Said defendants' conduct was neither privileged nor justified under statute

6   or common law. As a proximate result of said defendants' conduct, plaintiff suffered damages

7   hereinafter set forth.

8   WHEREFORE, plaintiff prays for relief as hereinafter set forth.

9
                             FOURTH CAUSE OF ACTION
                     (Intentional Infliction of Emotional Distress)

10      (Against defendant police officers and police officers DOES 1-25)

11   45.   Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of

12   this complaint.

13   46.   The conduct of defendant police officers and police officers DOES 1-25, inclusive, as set

14   forth herein, was extreme and outrageous and beyond the scope of conduct that should be tolerated

15   by citizens in a democratic and civilized society. Said defendants commuted the aforementioned

16   extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon

17   plaintiff.

18   47.   As a proximate result of said defendants officers' willful, intentional and malicious

19   conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff

20   is entitled to an award of punitive damages against said defendants. Plaintiff has suffered injuries

21   and damages hereinafter set forth.

22   WHEREFORE, plaintiff prays for relied as hereinafter set forth.

23

24
                               FIFTH CAUSE OF ACTION
                              (Negligence)

25      (Against defendant police officers and DOES 1-25, inclusive)

26   48.   Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of

27   this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

28

1 | wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive
2 | damages.

3 | 49.  At all times herein mentioned, defendant police officers and police officers DOES 1-25,
4 | inclusive, were subject to a duty of care to avoid causing injuries and damages to persons by not
5 | using excessive force on them, not effecting wrongful detentions and arrests, and by treating
6 | persons in a manner that is not racially discriminatory.  The wrongful conduct of said defendants,
7 | as set forth herein, did not comply with the standard of care to be exercised by reasonable police
8 | officers acting in similar circumstances, proximately causing plaintiff to suffer injuries and
9 | damages as set forth herein.

10 | 50.  As a proximate result of said defendants' negligent conduct, plaintiff suffered severe
11 | emotional and mental distress and injury having a traumatic effect on plaintiff's emotional
12 | tranquility, and damages.

13 | WHEREFORE, plaintiff prays for relief as hereinafter set forth.

14 |
SIXTH CAUSE OF ACTION
(Negligent Hiring, Training, Supervision, and Discipline)
15 | (Against defendants CITY; Chief of Police ALAN WADE McCLAIN; and DOES 26-50)

16 | 51.  Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of
17 | this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,
18 | wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive
19 | damages.

20 | 52.  Plaintiff is informed and believes and thereon alleges that prior to the date of the subject
21 | incident on or about September 30, 2009, defendant police officers and police officers DOES 1-
22 | 25, inclusive, had a history of engaging in acts of assault and battery, and treating persons in a
23 | racially discriminatory manner, of which defendants CITY, Chief of Police ALAN WADE
24 | McCLAIN, and DOES 26-50, inclusive, knew or reasonably should have known for some time
25 | prior to the subject incident involving plaintiff.

26 | 53.  Plaintiff is informed and believes and thereon alleges that despite having such notice of
27 | defendant police officers' and police officers DOES 1-25, inclusive's, prior misconduct,

28 |

1  defendants CITY, Chief of Police ALAN WADE McCLAIN, and DOES 26-50, inclusive,
2  approved, ratified, condoned, encouraged, and/or tacitly authorized the continuing pattern and
3  practice of misconduct and civil rights violations by defendant police officers DOES 1-25,
4  inclusive.

5  54.    Plaintiff is further informed and believes and thereon alleges that as a result of their
6  reckless and/or conscious disregard of prior misconduct, defendants CITY, Chief of Police ALAN
7  WADE McCLAIN, and DOES 26-50, inclusive, approved, ratified, condoned, encouraged and/or
8  tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by
9  defendant police officers and police officers DOES 1-25, inclusive.

10  55.   Defendant CITY, by and through its supervisory employees and agents, Chief of Police
11  ALAN WADE McCLAIN, and DOES 1-25, inclusive, had a mandatory duty of care imposed on it
12  by the Fourth and Fourteenth Amendments to the United States Constitution, to properly and
13  adequately hire, train, retrain, supervise, and discipline its police officer employees so as to avoid
14  unreasonable risk of harm to citizens as the proximate result of CITY police officer employees so
15  as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers
16  using excessive unreasonable force, and treating persons in a racially discriminatory manner.
17  CITY, Chief of Police ALAN WADE McCLAIN, and DOES 26-50, inclusive, negligently failed
18  to take necessary, proper, or adequate measures in order to prevent the violations of plaintiff's
19  rights and injuries to plaintiff. Defendants CITY, Chief of Police ALAN WADE McCLAIN, and
20  DOES 26-50, inclusive, breached their duty of care to plaintiff in that they: (1) negligently failed
21  to adequately hire, retain, supervise, discipline and train police officers, including defendant police
22  officers, and DOES 1-25, inclusive, in proper and reasonable force, effecting proper and
23  reasonable force; effecting proper reasonable arrests; and treating persons in a manner that is not
24  racially discriminatory; (2) negligently failed to have adequate policies and procedures regarding
25  use of reasonable force, effecting proper arrests; and treating persons in a manner that is not
26  racially discriminatory; (3) acted with reckless and/or conscious disregard of the prior misconduct
27  of defendant police officers and officers DOES 1-25, inclusive, by failing to adequately hire,

28

1    retain, supervise, discipline, and train police officers, including defendant police officers and

2    police officers DOES 1-25, inclusive, in the use of reasonable force, effecting proper reasonable

3    arrests, and treating persons in a manner that is not racially discriminatory; and (4) approved,

4    ratified, condoned, encouraged and/or tacitly authorized defendant police officers and police

5    officers DOES 1-25, inclusive, to continue their course of misconduct, resulting in the violation of

6    plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

7    56.    The above-described negligent misconduct by defendants CITY, Chief of Police ALAN

8    WADE McCLAIN, and DOES 1-25, inclusive, resulted in the deprivation of plaintiff's

9    constitutional rights, including, but not limited to the following:

10        a.   The right to be free from unreasonable searched and seizures, as guaranteed by the

11             Fourth Amendment to the United States Constitution;

12        b.   The right not to be deprived of life or liberty without due process of law, as guaranteed

13             by the Fifth and Fourteenth Amendments to the United States Constitution;

14        c.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to

15             the United States Constitution; and

16        d.   The right to be free from interferences with the zone of privacy, as protected by the

17             Fourth and Ninth Amendments to the United States Constitution.

18   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the

19   United States Constitution.

20   57.    Further, the acts of defendants police officers and DOES 1-25, inclusive, and the above-

21   mentioned negligent wrongful conduct of defendants CITY OF CLEARLAKE, Chief of Police

22   ALAN WADE McCLAIN, and DOES 26-50, inclusive, caused injury and damages to Plaintiff.

23   Plaintiff's injuries and damages were a foreseeable and proximate result of the above-mentioned

24   wrongful conduct of defendant police officers and police officers DOES 1-25, inclusive, and the

25   above-mentioned wrongful conduct of defendant CITY, Chief of Police ALAN WADE

26   McCLAIN, and DOES 26-50, inclusive.

27

28

1  58.    Defendant CITY is liable to plaintiff pursuant to Govt. Civil Code 815.6; and DOES 1-50,

2  inclusive, are liable to plaintiff pursuant to Govt. Code Sections 820.2 and 820.4, for plaintiff's

3  injuries and damages hereinafter setforth.

4  

SEVENTH CAUSE OF ACTION<br>
(Violation of Civil Code Section 52.1)<br>
(Against defendant police officers DOES 1-25)

5  

6  59.    Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of

7  this Complaint.

8  60.    The conduct of defendant police officers and police officers DOES 1-25, inclusive, as

9  described herein, acting in the course and scope of their employment for defendant CITY, violated

10  Civil Code Section 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil

11  rights, by assaulting and battering him, and wrongfully detaining and/or arresting.  Further, said

12  defendant officers violated plaintiff's right to be free from racial discrimination pursuant to the

13  Fourteenth Amendment of the U.S. Constitution, California Constitution, and various federal and

14  California Statutes, including California Civil Code Section 52.1, in that their misconduct towards

15  plaintiff was motivated by racial animus.

16  61.    As a direct and proximate result of said defendants' violation of Civil Code Section 52.1,

17  plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

18  62.    Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees

19  pursuant to Civil Code Section 52.1(h).

20  WHEREFORE, plaintiff prays for relief, as hereinafter set forth.

21  

22  

EIGHTH CAUSE OF ACTION<br>
(Violation of Civil Code Section 51.7)<br>
(Against defendant police officers and DOES 26-50)

23  

24  63.    Plaintiff realleges and incorporates by reference herein all previous paragraphs of this

Complaint.

25  64.    Plaintiff is informed and believes and thereon alleges that the conduct of Defendant police

26  officers and DOES 26-50, inclusive, as described herein, was motivated by racial prejudice against

27  Plaintiff.  Plaintiff is and was readily recognizable as African-American.  In engaging in such

28  

- 14 -<br>
Complaint for Damages<br>
*Pryor v. City of Clearlake, et al.*

1 | conduct, Defendants violated Plaintiff's rights under California Civil Code Section 51.7 to be free

2 | from violence, or intimidation by threat of violence committed against them because of his race.

3 | Under the provisions of California Civil Code Section 52(b), Defendants are liable for each

4 | violation of Civil Code Section 51.7 for punitive damages, an additional \$25,000.00, and for

5 | reasonable attorney's fees.

6 | 65.   As a proximate result of Defendants' wrongful conduct, plaintiff suffered damages as

7 | hereinafter set forth.

8 | WHEREFORE, plaintiff prays for relief, as hereinafter set forth.

9 | **JURY DEMAND**

10 | 66.   Plaintiff hereby demands a jury trial in this action.

11 | **PRAYER**

12 | 67.   WHEREFORE, plaintiff prays for relief, as follows:

13 |    a.  For general damages in the sum of \$10,000,000.00

14 |    b.  For special damages according to proof;

15 |    c.  For punitive damages against defendant police officers and DOES 1-25, inclusive,

16 |        according to proof;

17 |    d.  For injunctive relief enjoining defendant CITY OF CLEARLAKE from authorizing,

18 |        allowing, or ratifying the practice by any of their employees of making unreasonable and

19 |        wrongful assaults on persons; effecting unreasonable and improper arrests, detentions,

20 |        and imprisonments of persons; and from treating persons in a manner that is racially

21 |        discriminatory, in violation of California Civil Code Section 52.1.

22 |    e.  For violation of California Civil Code sections 52 and 52.1, punitive damages against

23 |        defendant police officer and DOES 1-25, inclusive, \$75,000 for each offense; and

24 |        reasonable attorney's fees;

25 |    f.  For violation of California Civil Code sections 52 and 51.7, punitive damages against

26 |        defendant police officers and DOES 1-25, inclusive, \$25,000 for each offense; and

27 |        reasonable attorney's fees;

28 |

1      g.  For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

2      h.  For costs of suit herein incurred; and

3      i.  For such other and further relief as the Court deems just and proper.

4    Dated: February 28, 2011                                   SUDANO LAW FIRM

5

6

7                                                         By: _____
                                                              BRIAN D. SUDANO
8                                                             Attorney for Plaintiff
                                                              540 Lennon Lane
9                                                             Walnut Creek, CA 94598
                                                              bsudano@sudanolaw.com
10                                                            Tel: (925) 849-4183

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -
Complaint for Damages
*Pryor v. City of Clearlake, et al.*