IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PRYOR,<br><br>    Plaintiff,<br><br>   v.<br><br>CITY OF CLEARLAKE, a governmental entity; CARL MILLER, individually, and in his capacity as a police officer for the City of Clearlake and acting sergeant; ALAN WADE McCLAIN, individually and in his capacity as Chief of Police for the City of Clearlake; CRAIG CLAUSEN, individually and in his capacity as Police Lieutenant for the City of Clearlake; MICHAEL RAY, individually, and in his capacity as a police officer for the City of Clearlake; and DOES 1-50, individually, and in their capacity as police officers for the City of Clearlake,<br><br>    Defendants.<br>_____/ | No. C 11-0954 CW<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL (Docket No. 63) |

    Defendants have filed an administrative motion for an order permitting them to file under seal their reply to Plaintiff's opposition to their motion for summary judgment. Docket No. 63. Defendants' motion to seal does not specify whether they seek a sealing order under Civil Local Rule 79-5(b) or (c), but based on the submissions to the Court, it appears that they seek to file the entire reply brief under seal, pursuant to the former provision. Defendants contend that their reply brief should be sealed pursuant to a stipulation submitted by the parties.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so.[1] Cause to seal documents cannot be established by stipulation, or a blanket protective order that allows a party to designate documents as sealable. Civil Local Rule 79-5(a). Rather, the "request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c)." Id. If good cause exists only to file portions of a particular document under seal, a redacted version of the document must be filed in the public record. Civil Local Rule 79-5(c).

Defendants' motion to seal is denied because there is insufficient evidence to establish good cause to seal the reply brief and the request appears to be overbroad. Accordingly, the request is denied without prejudice, subject to re-filing pursuant to Local Rule 79-5.

Defendants have manually submitted to the Court an unredacted copy of the reply brief, attached to their motion to seal. It is unnecessary to continue the January 12, 2012 hearing on the motion for summary judgment, provided that Defendants served the same unredacted reply brief on Plaintiff's counsel. Based on the certificate of service accompanying Defendants' motion to seal, Defendants appear to have done so. The parties shall promptly notify the Court if Plaintiff has not received a copy of the reply

---

[1] A "compelling interest" standard applies to documents filed in support of or opposition to a dispositive motion. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678-79 (9th Cir. 2010).

2

1 brief, so that the Court may continue the hearing date, if
2 necessary.
3     IT IS SO ORDERED.

5 Dated: 1/3/2012

                CLAUDIA WILKEN
                United States District Judge

**United States District Court**
For the Northern District of California