IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PRYOR,<br><br>      Plaintiff,<br><br>   v.<br><br>CITY OF CLEARLAKE, a governmental entity; CARL MILLER, individually, and in his capacity as a police officer for the City of Clearlake and acting sergeant; ALAN WADE McCLAIN, individually and in his capacity as Chief of Police for the City of Clearlake; CRAIG CLAUSEN, individually and in his capacity as Police Lieutenant for the City of Clearlake; MICHAEL RAY, individually, and in his capacity as a police officer for the City of Clearlake; and DOES 1-50, individually, and in their capacity as police officers for the City of Clearlake,<br><br>      Defendants.<br>_____/ | No. C 11-0954 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL, Docket No. 67, and DEFERRING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL, Docket No. 69. |

I. Defendants' Motion to Seal

    Defendants have filed an administrative motion, pursuant to this Court's Local Rule 79-5(c), for an order permitting them to file under seal portions of their reply brief in support of their motion for summary judgment.  Docket No. 67.

The Ninth Circuit has held that where a party seeks to file under seal documents as part of a dispositive motion, the moving party must demonstrate compelling reasons to seal the documents. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). In general, when "'court files might have become the a vehicle for improper purposes' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure. Id. at 1179. "The party requesting the sealing order must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (internal citations and alterations omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179 (internal citations and alterations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)).

The Court applies the balancing, compelling-interest test to Defendants' request to seal the following portions of their reply.

A. Personnel File Information

First, Defendants request to seal Section II-A(1), page one, line twelve through page three, line nineteen. This portion of

2

1  the brief refers to information from the personnel files of
2  Defendant Carl Miller and Defendant Michael Ray.  Defendants argue
3  that Miller and Ray have a privacy interest in their personal
4  information.  Federal courts have recognized police officers'
5  privacy interest in their personnel files, but a generalized
6  assertion of a privacy interest is not sufficient to warrant
7  barring disclosure of a judicial record.  See Kamakana, 447 F.3d
8  at 1184 ("Simply mentioning a general category of privilege [such
9  as privacy], without any further elaboration or any specific
10 linkage with the documents, does not satisfy the burden" to show
11 compelling reasons to seal information from public access.)
12      However, Defendants argued in their reply that the personnel
13 information they request to seal here is inadmissible as
14 irrelevant and prejudicial.  The information is irrelevant.
15 Although it may show that Miller and Ray should not have been
16 hired according to department's policies, there is no evidence
17 that these specific personnel concerns were factors that
18 precipitated alleged constitutional violations.
19      Thus, in addition to identifying Miller's and Ray's privacy
20 interest in their personnel information, some of which concerns
21 incidents that occurred decades ago, Defendants have established
22 that the information is irrelevant.  The lack of relevance
23 combined with the information's sensitive, private nature raises
24 the likelihood that it was filed in connection with Pryor's
25 opposition because of private spite or a desire to scandalize the
26 public.
27      The public has a strong interest in information concerning
28 the prosecution of civil rights actions, including lawsuits that

3

allege police misconduct, and an interest in understanding the judicial process. A strong presumption weighs in favor of disclosure of documents filed with dispositive motions. Nonetheless, there are compelling reasons to seal the personnel information here.

Because sealing orders must be narrowly tailored and the specific redactions sought include Defendants' legal argument as well as sealable information, the Court provides a more limited order than that requested. The approved redactions are designed to seal the information necessary to protect Miller's and Ray's privacy and avoid disclosures immaterial to the Court's ruling and solely likely to promote scandal and further private spite. The following redactions are approved:

1) page one, line sixteen through page two, line two, before "While the Ninth"
2) page two, line twenty-four, after "Amendment violations." through page two, line twenty-five, before "does not demonstrate . . ."

B. Facebook Wall Postings

Defendants also request to seal the entirety of Section II-A(2) of their reply brief, specifically page three, line twenty through page four, line eleven. This section in the reply brief concerns Facebook posts and profile information from Miller's account. It refers to Facebook material, but does not quote or describe specific Facebook postings. Defendants contend that the information "delves into Miller's private life, separate and apart from his duties and functions as a sworn peace officer." Defendants cite no legal authority for the proposition that Miller

4

enjoys a privacy interest in the information he posted on his Facebook wall or in his Facebook profile, nor have they submitted any evidence indicating the privacy settings that Miller selected to protect his Facebook information.  Defendants' generalized assertion that the information is private is insufficient to establish a compelling interest that overcomes the presumption in favor of disclosures.  See Kamakana, 447 F.3d at 1184.

To the extent that Defendants argue that the material alluded to in this section of the brief is irrelevant, this contention alone is not sufficient to justify sealing references to Miller's Facebook wall.  Although the Court finds that the Facebook evidence does not support Plaintiff's claims, the standard for sealing records is not the relevance of evidence submitted or the fact that briefing referred to evidence eventually found to be irrelevant.  Instead, under the compelling-interest test, the Court is required to balance the competing interests of the public and the party who moves to seal certain judicial records.  Here, because Miller has submitted no evidence of the privacy settings on his Facebook account, it is possible that, at the time the Facebook wall postings were made, or during the litigation, his wall was visible to the general public.  Given the lack of any specific quote or description of particular Facebook postings, the absence of any showing as to Miller's privacy interest in his Facebook material and the presumption in favor of disclosure of judicial records, Defendants have failed to demonstrate a compelling interest served by sealing Section II-A(2) of their reply.

### C. Official Administrative Complaints Against Miller

Defendants assert that page five, lines four through fifteen, of their reply brief should be sealed because they concern confidential information, in particular, allegations against Miller. The passages that Defendants ask to seal refer to official complaints and administrative actions taken in connection with Miller after the incident, but they do not describe the nature of the complaints or the administrative actions. Defendants have not provided facts or cited authority to establish that there are compelling reasons to seal statements indicating the mere existence of complaints against Miller and the occurrence of administrative actions. Thus, under the presumption in favor of public access, the request to seal is denied.

### D. Allegations Against Other CPD Members

Defendants seek an order sealing page five, lines sixteen through twenty-seven, of their reply brief, which contains sentences that refer to allegations made against members of the CPD who are not Defendants in this action. Defendants have not stated the reasons that this portion of the brief must be sealed. The names of the non-party officers are not mentioned in the sentences and the details of the complaints are not described. Defendants' request is denied.

### E. Conclusion

For the reasons explained above, Defendants' motion to seal portions of their reply brief is denied in part and granted in part. Defendants shall file under seal, within five days, their reply brief with the following passages redacted: 1) page one, line sixteen through page two, line two, before "While the Ninth,"

6

and 2) page two, line twenty-four, after "Amendment violations." through page two, line twenty-five, before "does not demonstrate . . ."

II. Plaintiff's Motion to Seal

Plaintiff moves to file under seal, pursuant to Local Rule 79-5(c), portions of his brief in opposition to Defendants' motion for summary judgment and portions of Exhibit Four to his opposition. Plaintiff makes ten specific requests to seal, and in many instances asks to seal identity and contact information provided in the various documents.

The compelling-reasons standard, described above, applies to Plaintiff's motion. In addition, the Court notes that the Ninth Circuit has upheld a lower court finding that there are compelling reasons to seal the home addresses and social security numbers of law enforcement officers. Kamakana, 447 F.3d at 1182 (affirming magistrate judge's decision to seal such information to avoid "expos[ing] the officers and their families to harm or identity theft). Federal Rule of Civil Procedure 5.2 applies as well. The provision states,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
> 
> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial-account number.

7

Fed. R. Civ. P. 5.2

To log into this Court's electronic case management system and file documents, counsel were required to check a box indicating that they understood their obligation to comply with Rule 5.2. Nevertheless, several documents in Exhibit Four include such information. The Court orders Plaintiff to file a redacted version of Exhibit Four, removing all home address information, social security numbers and birth dates. It is not apparent that the other information, such as names, photos, and hair color of individuals, is subject to sealing.

However, the Court notes that the CPD designated all of the documents in Exhibit Four as "CONFIDENTIAL" when it produced them in discovery. Thus, the motion is subject to Local Rule 79-5(d). Under Rule 79-5(d), if a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or wishes to refer in a memorandum to information so designated by another party, the submitting party must file a motion to seal, and the designating party must, within seven days thereafter, file with the Court and serve a declaration establishing that the designated information is sealable. Accordingly, Defendants shall file a declaration within seven days addressing Plaintiff's motion to seal, indicating the factual and legal bases for sealing various portions of Exhibit Four.

IT IS SO ORDERED.

Dated: July 6, 2012

_____
CLAUDIA WILKEN
United States District Judge

8