IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEAN PRYOR,

      Plaintiff,

  v.

CITY OF CLEARLAKE, a governmental
entity; CARL MILLER,
individually, and in his capacity
as a police officer for the City
of Clearlake and acting sergeant;
ALAN WADE McCLAIN, individually
and in his capacity as Chief of
Police for the City of Clearlake;
CRAIG CLAUSEN, individually and
in his capacity as Police
Lieutenant for the City of
Clearlake; MICHAEL RAY,
individually, and in his capacity
as a police officer for the City
of Clearlake; and DOES 1-50,
individually, and in their
capacity as police officers for
the City of Clearlake,

      Defendants.

No. C 11-0954 CW

ORDER GRANTING IN
PART AND DENYING
IN PART
PLAINTIFF'S
ADMINISTRATIVE
MOTION TO SEAL,
Docket No. 69.

Plaintiff moves to file under seal, pursuant to this Court's

Local Rules 79-5(c) and (d), portions of his brief in opposition

to Defendants' motion for summary judgment and portions of Exhibit

Four to his opposition.  Docket No. 69.  Defendants' counsel Kevin

P. Allen submitted a declaration in support of sealing certain

pages of Exhibit Four.  The Court grants in part and denies in

part the motion to seal portions of Exhibit Four.  In addition,

the Court approves Plaintiff's proposed redactions to his

opposition brief to the extent consistent with this Court's order

regarding Exhibit Four.

United States District Court
For the Northern District of California

     The Ninth Circuit has held that where a party seeks to file under seal documents as part of a dispositive motion, the moving party must demonstrate compelling reasons to seal the documents. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  In general, when "'court files might have become the a vehicle for improper purposes' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure.  Id. at 1179.  "The party requesting the sealing order must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  Id. at 1178-79 (internal citations and alterations omitted).  "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret."  Id. at 1179 (internal citations and alterations omitted).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  Id. (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)).

     The Ninth Circuit has held that there are compelling reasons to seal the home addresses and social security numbers of law enforcement officers.  Kamakana, 447 F.3d at 1182 (affirming magistrate judge's decision to seal such information to avoid

"expos[ing] the officers and their families to harm or identity theft).   Federal Rule of Civil Procedure 5.2 states,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
>> (1)   the last four digits of the social-security number and taxpayer-identification number;
>>
>> (2)   the year of the individual's birth;
>>
>> (3)   the minor's initials; and
>>
>> (4)   the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2.

Pursuant to the standard described above, the Court considers the documents that Plaintiff and Defendants seek to seal. Defendants request that the Court seal documents Bates-stamped D-001336, D-001337, D-001374 and D-001375.   Documents D-001374 and D-001375 consist of a two page "Citizen's Personnel Complaint" lodged against Officer Carl Miller, and include the names of the complainant and a witness, as well as the complainant's statement describing the incident, date of birth and personal contact information.   Document D-001336 consists of the second page of a different Citizen's Personnel Complaint lodged against Miller and a non-defendant Clearlake Police Department sergeant.   Like document D-001375, it contains the complainant's name, date of birth and personal contact information.   It appears that Defendants intended to request that the Court seal the two page complaint against Miller and the sergeant but, instead of requesting that the Court seal documents D-001335 and D-001336,

they sought to seal documents D-001336 and Document D-001337, the
latter of which is not part of the complaint form.  The Court
deems Defendants' request as one seeking to seal documents
D-001335 and D-001336.

Defendants assert that under Kamakana the documents are
sealable because they are libelous and serve only to promote
scandal.  Defendants state that one incident was deemed
"unfounded" and the other "unfounded/not substantiated," as
evidenced by the document Bates-stamped D-01370.  Document
D-01370, however, was not attached to Allen's declaration and was
not included in Exhibit Four.  Nevertheless, Plaintiff did not
argue in his opposition or elsewhere that any investigation found
that these complaints had merit or were substantiated to any
degree.  Thus, the documents simply indicate the fact that the
complaints were made.  Without more, Miller's privacy interest in
his personnel information outweighs the public's interest in
disclosure.  Accordingly, both two-page complaint forms, Bates-
stamped D-001335, D-001336, D-001374 and D-001375 are sealable.

Defendants request that the Court seal documents Bates-
stamped D-001337 through D-001343.  These documents contain
personal identifying information for the individual who submitted
the above-mentioned complaints, as well as forms related to the
complainant's arrest, booking and intake.  These documents are not
relevant to resolving Defendants' motion for summary judgment, and
contain personal identity and contact information, as well as
arrest information about a non-litigant that will likely cause him
embarrassment.  Although Kamakana stated that the embarrassment of
a litigant, alone, was not sufficient to justify a sealing order,

the arrest records pertain to a non-litigant.  Together these
three factors--irrelevance, personal identification information
and likely embarrassing information about the arrest of a non-
litigant--outweigh the public's interest in disclosure.
Accordingly, the request to seal documents Bates-stamped D-001337
through D-001343 is granted.

Defendants request that the Court seal documents Bates-
stamped D-001403 through D-001411.  These documents pertain to an
Internal Affairs investigation into a complaint lodged against
Miller and a non-defendant related to a party that Miller hosted
at his home and include personal identifying information regarding
the complainant.  The investigator assigned to review the
complaint concluded that it was unfounded.  The documents are not
probative of Plaintiff's claims.  The fact that the documents
contain Miller's private personnel information regarding an
unfounded complaint, and the complainant's personal identification
and contact information, and are irrelevant to resolving
Defendants' motion for summary judgment demonstrate that there is
a compelling interest in sealing the documents, which outweighs
the public's interest in disclosure.  Therefore, documents
D-001403 through D-001411 are sealable.

Defendants request that the Court seal documents Bates-
stamped D-001424 through D-1433, concerning an Internal Affairs
investigation regarding Miller's failure to follow CPD policies
related to confidentiality.  The Court determined that these
incidents were not probative of Plaintiff's claims.  Although
Miller was reprimanded based on the investigation, the private

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    nature of the documents and their irrelevance outweigh the

2    public's interest in their disclosure and they may be sealed.

3         Defendants request to seal personal identification and

4    contact information contained in documents Bates-stamped D-001507

5    through D-001516.  These documents pertain to an October 2, 2006

6    felony arrest of a purportedly mentally ill individual.  During

7    the incident the individual exchanged gunfire with Miller and

8    another officer and evaded attempts to remove him from a house.

9    Defendants concede that documents D-001507 through D-001516

10   include significant identifying information for individuals who

11   are not parties to this action, but were contacted in connection

12   with the felony arrest.  The identification information regarding

13   the arrestee, a non-litigant, is also likely to cause him

14   embarrassment.  Pursuant to Federal Rule of Civil Procedure 52 and

15   Kamakana, the names, address, telephone numbers, dates of birth

16   and ages for the non-party individuals shall be redacted from

17   documents D-001507 through D-001516.

18        Defendants request to seal documents Bates-stamped D-001517

19   through D-001533.  These documents consist of print-outs from

20   Miller's Facebook wall.  For the reasons explained in this Court's

21   July 6, 2012 order, Docket No. 79, Defendants' request to seal

22   these pages is denied.  Defendants further argue that some

23   postings are by individuals other than Miller.  However, there is

24   no indication that such individuals had an expectation of privacy

25   in such communications.  Although the Court found that the

26   postings were not probative of Plaintiff's claims, the standard

27   for sealing documents submitted in connection with a motion for

28   summary judgment is the compelling interest standard, in which

relevance is not a dispositive factor.  Defendants argue that the only purpose of submitting the postings is to serve private spite. However, their submission was consistent with Plaintiff's efforts to demonstrate that Miller was a rogue officer in a department that broadly condoned such behavior within its ranks.  The postings concerning parties and drinking may be embarrassing, but apparently not enough to persuade Miller not to post them or to remove them.  Under Kamakana, 447 F.3d at 1179, the prevention of public embarrassment of a litigant alone is not sufficient to justify a sealing order.

Defendants ask to seal documents Bates-stamped D-001607 through D-001616, which consist of a cover sheet and report from a background investigation of Miller in connection with his application for employment with the CPD.  On July 6, 2012, the Court found that Miller had a privacy interest in information contained his personnel file, including that which refers to incidents that occurred decades ago and contains personal identification and contact information.  As noted earlier, the lack of relevance of the sensitive information is not dispositive as to whether a sealing order is warranted, but underscores the privacy interest in sealing such information.  After balancing Miller's privacy interest against the public's interest, the Court approved redactions from Defendants' reply brief in support of the motion for summary judgment.

Documents D-001607 through D-001616 underlie the redactions approved for Defendants' reply brief.  Consistent with the Court's July 6, 2012 order, Defendants' request to seal documents D-001607 through D-01616 is granted.  In addition, the Court grants

United States District Court
For the Northern District of California

Defendants' request to seal documents Bates-stamped D-001631 through D-001633, D-001636, D-001637, D-001642 through D-001644, D-001669 through D-001677, D-001693 through D-001695,[1] D-001702 through D-001705 and D-001708 through D-001724 because they provide Miller's personal history submitted in connection with his employment application, including the names and contact information for various non-party relatives and former employers, and serve as the basis for portions of the report concerning his background investigation. The lack of probative value of these documents and their private nature outweigh the public's interest in disclosure. Defendants do not request to seal document D-001606, but Miller's driver's license number shall be redacted.

Defendants request that the Court seal documents Bates-stamped D-001759 through D-001763 because they concern an incident that led the CPD to release Miller from his position as a training officer. Because, in this instance, Miller violated CPD policies that did not bear any relation to Plaintiff's claims and the CPD reprimanded Miller, the documents are not relevant to establish any of Plaintiff's claims that were the subject of Defendants' summary judgment motion. Miller's privacy interest and the irrelevance of the documents sufficiently outweigh the public's interest in disclosure so as to satisfy the compelling interest standard. Thus, Defendants' request to seal documents D-001759 through D-001763 is granted.

---

[1] Defendants do not request that the Court seal document D-001695, but the omission appears to be an oversight because the page is a continuation of Miller's employment application.

**United States District Court**
For the Northern District of California

1    Defendants' request to redact the address information for a

2  non-party witness included in document D-001776 is granted.

3    Defendants ask that the Court seal the names of officers

4  contained in document D-001786 pursuant to Dowell v. Griffin, 275

5  F.R.D. 613 (S.D. Cal. 2011).  The document consists of a log of

6  CPD officers who watched a P.O.S.T. training video concerning

7  ethics.  Dowell addresses discovery disputes in a § 1983 case

8  alleging an unconstitutional search of a plaintiff's person and

9  prison cell.  Apart from noting the privacy interests and

10 privilege associated with official information, which Defendants

11 apparently did not assert in disclosing document D-001786, Dowell

12 is not relevant to the present motion to seal.  Document D-001776

13 does not warrant sealing under the compelling interest test.

14 Plaintiff's lawsuit included a Monell claim against the City for

15 failure to provide adequate training to its officers.  While not

16 highly probative of CPD practices at issue in this case,

17 Defendants have not asserted any privacy interest sufficient to

18 outweigh the presumption in favor of disclosure.  Defendants'

19 request to seal document D-001786 is denied.

20   Defendants ask to seal documents Bates-stamped D-002055 and

21 D-002057, which pertain to Defendant Michael Ray's appointment as

22 a CPD officer.  Under Kamakana, Ray's personal address,

23 identification information and birthdate are private, as well as

24 the information concerning his pay, including his pay plan and

25 step.  Accordingly, Plaintiff shall file documents D-002055 and

26 D-002057 with the redactions necessary to protect such

27 information.

28

        Defendants ask to seal documents Bates-stamped D-002069,
D-002070, D-002074 through D-002088,[2] D-002090 through D-002101,
D-002103 and D-002105 through D-002108.  These documents pertain
to Ray's application for employment with the CPD and include forms
containing personal identification and contact information for
Ray, his references and relatives, as well as background
information about his prior experience, education, military
service and employment.  Given the highly personal nature of this
information and its lack of probative value with respect to
Plaintiff's claims, the public has relatively little interest in
access to these documents as compared to Ray's privacy interests.
Accordingly, Defendants have demonstrated a compelling interest in
sealing these documents and their request is granted.

        Defendants ask to seal documents Bates-stamped D-002166
through D-002168.  These documents relate to Ray's pre-employment
polygraph examination and interview for the position of CPD
officer trainee.  Plaintiff failed to point to any evidence
connecting Ray's pre-employment conduct and the incident at issue
in this lawsuit.  Given the lack of relevance of these documents
and their highly personal, sensitive nature, Ray's privacy
interest in preventing their disclosure significantly outweighs
the public's interest in the information.  Defendants' request to
seal documents D-002166 through D-002168 is granted.

---

        [2] Defendants requested that the Court seal documents
D-002089, but the document was not contained in Exhibit Four.

CONCLUSION

Plaintiff shall file a redacted version of Exhibit Four in support of his opposition brief, excluding the following documents:  D-001335, D-001336, D-001374, D-001375, D-001337 through D-001343, D-001403 through D-001411, D-001424 through D-001433, D-001607 through D-01616, D-001631 through D-001633, D-001636, D-001637, D-001642 through D-001644, D-001669 through D-001677, D-001693 through D-001695, D-001702 through D-001705, D-001708 through D-001724, D-001759 through D-001763, D-002069, D-002070, D-002074 through D-002088, D-002090 through D-002101, D-002103, D-002105 through D-002108, and D-002166 through D-002168.  In addition, the names, address, telephone numbers, dates of birth and ages for non-party individuals in documents D-001507 through D-001516, Miller's driver's license number in document D-001606, the address information contained in document D-001776, and Ray's personal identification, address and financial information contained in documents D-002055 and D-002057 shall be redacted.

Plaintiff shall file the redacted exhibit and opposition brief within five days.  He shall also file the unredacted exhibit and opposition under seal.  Instructions for electronically filing documents under seal are provided on this Court's website at https://ecf.cand.uscourts.gov/cand/faq/under_seal.htm.

IT IS SO ORDERED.

Dated: 8/9/2012

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California